SUMMARY ORDER
Defendant-Appellant Raul Salvagno appeals from a judgment of conviction in the United States District Court for the Northern District of New York (Munson, J.) following a jury verdict finding Salvag-no guilty of (1) conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962, (2) conspiracy to violate the Clean Air Act and the Toxic Substances Control Act, 18 U.S.C. § 371; 42 U.S.C. § 7401, and (3) violations of the Clean Air Act, 42 U.S.C. § 7413. The district court sentenced Sal-vagno to 235 months imprisonment and ordered him to pay $1,707,156.40 in forfeiture and $22,875,575.46 in restitution. We assume the parties’ familiarity with the ease’s underlying facts, its procedural history, the overwhelming evidence of Salvag-no’s guilt, and the many issues on appeal.
Salvagno argues that his Sixth Amendment right to conflict-free counsel was violated at various stages of his trial and sentencing. We disagree. Salvagno suggests that his counsel before and at trial was conflicted by also representing his codefendant son Alexander Salvagno. However, the record indicates that Raul had his own attorneys, and that Alexander’s attorneys did not represent Raul in any pre-trial or trial proceedings. Salvagno’s Sixth Amendment rights only attached at indictment, so any potential conflict before then is not constitutionally cognizable. See Moran v. Burbine, 475 U.S. 412, 430, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986).
Salvagno also contends that he and his counsel had conflicted interests concerning certain documents improperly withheld during discovery, because his counsel sought to avoid being implicated for their non-production. However, Salvagno’s claim is entirely speculative, as he points to no evidence demonstrating his counsel’s culpability or any actual conflict of interest. See United States v. Feyrer, 333 F.3d 110, 119 (2d Cir.2003) (noting that “bald assertions” are insufficient to establish an actual conflict of interest). Moreover, Salvagno does not dispute that Alexander’s counsel, and not his own counsel, was responsible for discovery and document production. Salvagno claims that his attorney “closed in ranks” with Alexander’s counsel when the non-production issue arose, but this is unsupported by the record. A more developed record, however, could perhaps lend support to Salvag- *662 no’s contentions. Accordingly, we dismiss Salvagno’s claim, but we leave open the possibility that Salvagno could advance his claim in a 28 U.S.C. § 2255 motion, wherein a district court could supplement the record if necessary. See Armienti v. United States, 313 F.3d 807, 809-10 (2d Cir.2002) (explaining that a deficient record on direct appeal concerning a conflict of interest may be remedied in a habeas proceeding).
We also do not find a Sixth Amendment problem with Salvagno’s sentencing. Salvagno objects to the same law firm representing both him and Alexander at sentencing, which could give rise to a constitutional violation despite separate, unconflicted counsel also representing each defendant. Whenever a district court discovers that a defendant’s attorney suffers from a conflict or potential conflict, “such that a rational defendant could knowingly and intelligently desire the conflicted lawyer’s representation[,] the court should follow the procedures set out in [United States v. Curdo, 680 F.2d 881, 888-90 (2d Cir.1982),] in order to obtain directly from the defendant a valid waiver of his right to a non-conflicted lawyer.” United States v. Levy, 25 F.3d 146, 153 (2d Cir.1994). Under the Curdo procedures, “the trial court should: (i) advise the defendant of the dangers arising from the particular conflict; (ii) determine through questions that are likely to be answered in narrative form whether the defendant understands those risks and freely chooses to run them; and (in) give the defendant time to digest and contemplate the risks after encouraging him or her to seek advice from independent counsel.” United States v. Iorizzo, 786 F.2d 52, 59 (2d Cir.1986). Whether a resulting waiver is “knowing and intelligent depends on the circumstances of each individual case as well as the background and experience of the accused.” United States v. Blau, 159 F.3d 68, 74 (2d Cir.1998).
Here, the district court’s Curdo hearing, while not exemplary, was adequate. A Curdo hearing aims to ensure that the defendant understands the risks of utilizing conflicted counsel, so that the defendant can knowingly and intelligently waive his Sixth Amendment right to conflict-free counsel. An otherwise well-conducted hearing can be undermined if the record does not reflect the ultimate waiver as coming from the defendant himself. In this case, however, despite the absence of a direct waiver from Salvagno himself, there was no constitutional violation, because Salvagno’s waiver came from uncon-flicted counsel, with Salvagno present and evidently in agreement. See United States v. Leslie, 103 F.3d 1093, 1098 (2d Cir.1997); Williams v. Meachum, 948 F.2d 863, 867 (2d Cir.1991) (“In reviewing a defendant’s waiver, ... we are ultimately concerned less with exact words used by the trial judge than with whether the facts and circumstances of the case indicate that the defendant fully appreciated his situation and made a properly informed decision.”). The government stated on the record that, “although the record won’t reflect it, it was clear and we were able to see that [Salvagno was] in agreement, unless [he has] any objection that [he] would like to put on the record right now.”
We have thoroughly considered all of Salvagno’s other challenges to his conviction and to his sentence, including his co-defendant’s arguments adopted by reference, and we find them to be without merit.
For the foregoing reasons, the district court’s judgment is AFFIRMED. All of Salvagno’s pending motions are DENIED as moot.